Daniel, Judge..
 

 The first question, which the parties wish this court to decide is, whether the child Martha’s portion of the vested remainder in the slaves, given by Mr. Powell, in his will to his wife for life, passed, on Martha’s death, to her brother and sister, John and Mary, with the “balance” of the property bequeathed to her (Martha,) under the second clause in the will of her father; or whether her mother came in, as a distributee of Martha’s share of the remainder of thesé slaves. The testator, in his will, speaks thus: “And, in case either of my children should die before it arrives at lawful age, and leaving no child or children,
 
 then their share
 
 to be equally divided among the surviving ones. . It is contended for the defendants, the mother and the administrator of the deceased child, that the share here mentioned was the share only of that “balance” of the testator’s estate, which he bequeathed to Martha, in the second clause in the will. This Court is, however, of a different opinion. We think that all the property in possession or remainder, which the child Martha took as a legacy under her father’s will, was, in his contemplation,
 
 “
 
 her share” of his estate; and, in the event which has happened, passed, by force of this disposition, tb the surviving brother and sister. It is true, that the testator says his three children shall have the property given by the second clause in his will, “ share and share alike.” By this expression, he meant only that it should be equally divided between them. But, when he comes to speak of the possible
 
 *311
 
 event of one of his children dying under age, he then gives to the words, “
 
 then their share,”
 
 a more enlarged meaning. He intended, by these words, to comprehend all the property which that child, so dying, derived under his will. This intention is manifested, not only by these words, but by others, in a latter part of the will, in which the testator declares what le means by a share of any of his children. The part to which we refer, is that wherein, in consequence of a doubt whether the property conveyed to him in trust for his children, by Mrs. Pryor’s will, belonged beneficially to all oí them, he made a provision for producing equality, so as to make their shares, both of his and her property, equal. “ By the expression, shares,” such is the testator’s language, “ as applied to my children who may be entitled under Mrs. Pry- or’s will, I mean
 
 the property
 
 which they may get under that will, added
 
 to that which Igive them.”
 

 The second question arises on the proper construction of a clause in the will of Mrs. Mildred E. Pryor. The clause is as follows:
 

 “ Item 2nd. I leave all the balance of my estate, consisting principally of money and slaves, to John Powell, in trust, for the benefit of the children of his present wife, my daughter, Mary G. Powell.”
 

 At the death of Mrs. Pryor, her daughter, Mrs. Powell, had one son born, (John,) and she was then pregnant with her second child, (Mary.) Mrs. Powell subsequently had a third child, (Martha,) who is now dead. The question asked is, whether Martha was entitled to a share of her grandmother’s property, thus bequeathed? Where a legacy is given to a described class of individuals, as to children, in general terms, and no period is appointed for the distribution of it, the legacy is due at the death of the testator; the payment of it being merely postponed to the end oftWo years after that event, for the convenience of the executor in administering the assets. The rights, therefore, of legatees are finally settled and determined at the testator’s decease. Upon this principle is founded the well established rule, that children in existence at that period, or legally considered so to be, are alone entb tied to participate in the bequest. 1 Roper on Legacies 48—
 
 *312
 

 Vanhook
 
 vs.
 
 Rogers,
 
 3 Murph. Rep.
 
 178
 
 — Jourdan vs.
 
 Green,
 
 1 Dev. Eq. Rep.
 
 270
 
 — Knight vs.
 
 Wall, 2
 
 Dev. & Bat. Rep. 125. A child in
 
 ventre sa mere
 
 can take a share jn a fund bequeathed to children, under a general description oí “ children.”
 
 Doe
 
 vs.
 
 Clarke, 2
 
 Hen. Black. Rep. 399— 2 Bro. Ch. Cas. 320 — 2 Ves., Jim. 673 — 1 Roper on Legacies 52. It makes no difference as to the application of the ru^ej although the terms of the bequest be prospective, and n0 particular time of payment is mentioned; for the fund wilL
 
 r
 
 , , , , , ’ , , , divisible at the testators death, which necessarily excludes afterborn children. If, then, a legacy were « to the children of my daughter, Mary, begotten or
 
 ‘to be
 
 begotten,’ as in the case of
 
 Spracklin
 
 vs.
 
 Rainer,
 
 1 Dick. Rep. 344, children coming into existence after the death of the testator would be excluded, 1 Roper 49. This rule equally applies whére the gift is general to children, with a condition annexed to it, disposing of a child’s share upon its dying under the age of twenty-one. The principle is this: the legacy being immediate to children, the period of vesting and division, unite at the same point, viz. at the death of the testator; whence it follows that a child born after that event, must be excluded. 1 Roper
 
 49
 
 — Davidson vs.
 
 Dallas,
 
 14 Ves. Jun.
 
 576
 
 — Scott vs.
 
 Harwood,
 
 5 Madd. 332. We are of the opinion that only the children, John W. Powell and Mary E. Powell, took the legacy under the will of Mrs. Mildred E. Pryor; and that Martha P. Powell, bom after the death of Mrs. Pryor, had no interest in this fund, and consequently, nothing in it passed to her administrator.
 

 A child in
 
 mere
 
 will in'»efundare bequeathed to children, scHption of
 

 Pee. CuRiaiH. Decree accordingly.